**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------x
In re:                                                 :       In Chapter 13
                                                       :
      TAMIKA HAMMOND                             :       Bankruptcy No. 24-14610-AMC
                                                       :
               Debtor.                 :
                                                       :
                                                       :
-------------------------------------------------------x

## PHILADELPHIA GAS WORKS' OBJECTION TO DISCHARGEABILITY OF  GAS DEBT

TO THE HONORABLE ASHELY M. CHAN:

        AND NOW, comes Philadelphia Gas Works (hereinafter "PGW") a creditor in the above-captioned case, by and through its Counsel, Pearl Pham, respectfully submits this Objection to the dischargeability of the debt owed by Debtor, Tamika Hammond in the above referenced Chapter 13 bankruptcy case. The debt at issue is based on fraud and stolen services, and as such, is nondischargeble under §523(a)(2)(A) and/or §523(a)(4) of the Bankruptcy Code.

        PGW avers the following:

1.  On or about December 30, 2024, the Debtor filed a voluntary petition (the "Petition") for Chapter 13 bankruptcy with this Court.

2.  Debtor's residential property is listed as 1414 N. Hobart Street, Philadelphia, PA 19131 (the "Subject Property") on her Chapter 13 Plan. A true and correct copy of the Debtor's Chapter 13 Plan is attached hereto as Exhibit "A."

3. Prior to filing her bankruptcy, Debtor entered an internet turn on for gas service for 1414 N. Hobart Street on December 29, 2024. The gas was not restored due to the discovery of unauthorized usage at the Subject Property.

4. Earlier that same year, Debtor contacted PGW on January 23, 2024, before she filed for bankruptcy, to restore her gas service at the Subject Property.

5. Prior to restoring the gas service, on January 24, 2024, PGW performed a safety check at the Subject Property because the Property did not have a gas meter and the gas had not been on since 2009. During that visit, PGW discovered that, despite the lack of a meter, gas was on through the use of a bypass. PGW secured the area and turned off the gas at the curb with an expander.

6. Debtor was charged the amount of $17,155.77 for unauthorized usage from November 17, 2009 to January 23, 2024.

7. On January 29, 2024, PGW informed Debtor of the unauthorized usage gas charge and this charge would have to be paid in full in order to restore her gas service.

8. After January 29, 2024, Debtor did not pay PGW for the unauthorized usage gas charge. This debt remains unpaid as of the date of this motion.

9. On January 24, 2025, PGW filed a Proof of claim in the amount of *Seventeen thousand and one hundred and fifty-five dollars and seventy-seven cents* ($17,155.77), which represents PGW's unpaid and unauthorized gas service debt on the Subject Property (the "Claim"). A true and correct copy of PGW's proof of claim filed by PGW is attached hereto as Exhibit "B."

10. As neither the Debtor nor another party in interest has objected to the unsecured claim, it is deemed allowed. See 11 U.S.C. §502(a).

11. In this matter, PGW is an unsecured creditor and Debtor did not address PGW's in their Proposed Chapter 13 Plan.

12. This debt of $17,155.77 is prepetition but is not dischargeable.

> Bankruptcy Code §523 (a)(2)(A) provides, in relevant part, that:
>
> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false misrepresentation or actual fraud...

9. Debtor benefitted from gas usage and obtained this through tampering and unauthorized gas services.

10. The entire debt owed to Plaintiff is non-dischargeable as it is among other things, a debt for money, property, services, or an extension, renewal or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§523 (a)(2)(A).

11. Furthermore, §523(a)(4) excludes debts arising from "fraud or defalcation while acting in a fiduciary capacity."

12. Debtor has not compensated PGW and has evaded the responsibility to pay PGW for its services provided.

3

WHEREFORE, Philadelphia Gas Works respectfully requests that this Court issue an

Order denying the dischargeability of this debt pursuant to §523(a)(2)(A) and/or §523(a)(4) of

the Bankruptcy Code.

Respectfully submitted,

PHILADELPHIA GAS WORKS

Dated: March 12, 2025

Respectfully submitted,
/s/ Pearl Pham_____
Pearl Pham
Senior Attorney
Philadelphia Gas Works
800 W. Montgomery Avenue
Philadelphia, PA 19122
215-684-6227
215-684-6798 FAX
pearl.pham@pgworks.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------------------x
In re:                                    :        In Chapter 13
                                          :
       TAMIKA HAMMOND                     :        Bankruptcy No. 24-14610-AMC
                                          :
                        Debtor.           :
                                          :
                                          :
-------------------------------------------------------x
```

## CERTIFICATION OF SERVICE

I, Pearl Pham, attorney for Philadelphia Gas Works, hereby certify that a true and correct copy of the foregoing Philadelphia Gas Works' Objection to Dischargeability of Gas Debt was served by the means designated below on the date set forth below, upon all parties including the following:

*VIA ECF*

Zachary Perlick, Esq.
1420 Walnut Street, Suite 718
Philadelphia, PA 19102

Scott F. Waterman, Esq.
Chapter 13 Trustee
2901 St. Lawrence Avenue, Suite 100
Reading, PA 19606


Dated: <u>March 12, 2025</u>                          <u>/s/  Pearl Pham</u>
                                          Attorney for Philadelphia Gas Works
                                          800 W. Montgomery Avenue
                                          Philadelphia, PA 19122
                                          (215) 684-6227
                                          pearl.pham@pgworks.com

# EXHIBIT
## "A"

L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In re: Tamika Hammond                                          Chapter 13

                    Debtor(s)                                  Case No. _____

## Chapter 13 Plan

☒ Original

☐ _____ Amended

Date:  December 30, 2024

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
### MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
### NOTICE OF MEETING OF CREDITORS.

### Part 1: Bankruptcy Rule 3015.1(c) Disclosures

☐       Plan contains non-standard or additional provisions – see Part 9

☐       Plan limits the amount of secured claim(s) based on value of collateral and/or changed interest rate – see Part 4

☐       Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**§ 2(a) Plan payments (For Initial and Amended Plans):**

Total Length of Plan: <u>60</u> **months.**
**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ <u>18,000.00</u>
Debtor shall pay the Trustee $ <u>300.00</u>  per month for <u>60</u> months; and then
Debtor shall pay the Trustee $_____ per month for the remaining _____ months.

**or**

Debtor shall have already paid the Trustee $_____ through month number _____ and then shall pay the Trustee $_____ per month for the remaining _____ months.

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§ 2(c) Alternative treatment of secured claims:**

(12/2024)                                   1

☒ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

☐ **Sale of real property**
See § 7(c) below for detailed description

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution**

| | | | |
|---|---|---|---|
| A. | Total Administrative Fees (Part 3) | | |
| | 1. Postpetition attorney's fees and costs | $ | 3,725.00 |
| | 2. Postconfirmation Supplemental attorney's fee's and costs | $ | 0.00 |
| | Subtotal | $ | 3,725.00 |
| B. | Other Priority Claims (Part 3) | $ | 0.00 |
| C. | Total distribution to cure defaults (§ 4(b)) | $ | 0.00 |
| D. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | 12,191.00 |
| E. | Total distribution on general unsecured claims (Part 5) | $ | 284.00 |
| | Subtotal | $ | 16,200.00 |
| F. | Estimated Trustee's Commission | $ | 1,800.00 |
| G. | Base Amount | $ | 18,000.00 |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☒ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ 4,725.00 with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

**Part 3: Priority Claims**

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Proof of Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Zachary Perlick 73851 | | Attorney Fee | $ 3,725.00 |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒        **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Proof of Claim Number | Amount to be Paid by Trustee |
|---|---|---|
| | | |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Part 4: Secured Claims**

### § 4(a) Secured Claims Receiving No Distribution from the Trustee:

☐     **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
| ☒ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. City of Philadelphia/Water Revenue Bureau | | 1414 N. Hobart Street  , Philadelphia, PA 19131-0000 Philadelphia County |
| ☒ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. Select Portfolio Servicing-loan is written off | | 1414 N. Hobart Street  , Philadelphia, PA 19131-0000 Philadelphia County |

### § 4(b) Curing default and maintaining payments

☒     **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Proof of Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| | | | |

### § 4(c) Allowed secured claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim

☐     **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| City of Philadelphia | | 1414 N. Hobart Street  , Philadelphia, PA | $9,787.70 | 9.00% | $3,167.88 | $12,191.00 |

### § 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☒     **None.** If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                                                  Best Case Bankruptcy

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.*

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

### § 4(e) Surrender

☒  **None.** If "None" is checked, the rest of § 4(e) need not be completed.
☐  (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
|  |  |  |

### § 4(f) Loan Modification

☒ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of _____ per month, which represents _____ *(describe basis of adequate protection payment)*. Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: General Unsecured Claims

### § 5(a) Separately classified allowed unsecured non-priority claims

☒  **None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Proof of Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

### § 5(b) Timely filed unsecured non-priority claims

(1) Liquidation Test *(check one box)*

   ☒ All Debtor(s) property is claimed as exempt.

   ☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*:

   ☒ Pro rata

   ☐ 100%

   ☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

☒    **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Proof of Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
| | | | |

**Part 7: Other Provisions**

### § 7(a) General principles applicable to the Plan

(1) Vesting of Property of the Estate *(check one box)*

☒ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a filed unsecured claim render the Plan unfeasible.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

### § 7(c) Sale of Real Property

☒ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date")..

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $_____ shall be made payable to the Trustee.

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:
_____.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1**: Trustee Commissions*
**Level 2**: Domestic Support Obligations
**Level 3**: Adequate Protection Payments
**Level 4**: Debtor's attorney's fees
**Level 5**: Priority claims, pro rata
**Level 6**: Secured claims, pro rata
**Level 7**: Specially classified unsecured claims
**Level 8**: General unsecured claims
**Level 9**: Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. If the Trustee's compensation rate increases resulting in the Plan becoming underfunded, the debtor shall move to modify the Plan to pay the difference.*

## Part 9: Non-Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Non-standard or additional plan provisions placed elsewhere in the Plan are void.

☒ **None.** If "None" is checked, the rest of Part 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no non-standard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date: _____December 30, 2024_____

/s/ Zachary Perlick
Zachary Perlick 73851
Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: _____December 30, 2024_____

/s/ Tamika Hammond
Tamika Hammond
Debtor

Date: _____

Joint Debtor

# EXHIBIT

## "B"

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | **Tamika Hammond** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Pennsylvania |
| Case number | 24-14610 |

## Official Form 410

# Proof of Claim

12/24

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:   Identify the Claim

**1. Who is the current creditor?**

Philadelphia Gas Works
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: Philadelphia Gas Works
Number  Street: 800 W Montgomery Ave. 3rd Floor
City: Philadelphia   State: PA   ZIP Code: 19122

Contact phone 215-684-6660
Contact email Dessalina.Clement@pgworks.com

Where should payments to the creditor be sent? (if different)

Name
Number  Street
City   State   ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier (if you use one): _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                     **Proof of Claim**                     page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __2__ __8__ __4__ __6__

**7. How much is the claim?**   $_____ 17,155.77 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid Gas Services and Unauthorized Gas Usage

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | | | |
|---|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
| | ☐ Yes. *Check one:* | | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    01/24/2025
                    MM / DD / YYYY

*Dessalina Clement*
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Dessalina | | Clement |
| | First name | Middle name | Last name |
| Title | Credit & Collections Quality Assurance | | |
| Company | Philadelphia Gas Works | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 800 W Montgomery Ave. Bankruptcy Dept 3FL | | |
| | Number    Street | | |
| | Philadelphia | PA | 19122 |
| | City | State | ZIP Code |
| Contact phone | 215-684-6660 | Email | Dessalina.Clement@pgworks.com |



**PHILADELPHIA GAS WORKS**
**GAS LEAK EMERGENCIES: (215) 235-1212**

 Access Your Account Online www.pgworks.com
Billing & General Information (215) 235-1000 *(English & Español)*

---



*Final Bill*

**Hello Tamika Hammond,**
1414 N HOBART ST, PHILADELPHIA PA
19131-3817
**Account Number: 0144272846**

**ENERGY USAGE SNAPSHOT**

CCF

AUG    SEP    OCT    NOV    DEC    JAN

■ Prior Year    ■ Actual    ▨ Estimated



| Please Pay | **$17,155.77** |
| Due By | **02/22/2024** |

Billing Date | JAN 29, 2024
Service From | 01/11/2024 - 01/11/2024
Current Charges | $0.00

| Average Daily Cost | Average Daily Temperature |
| $0.00 Current Month | 0° Current Month | Compared to 0° prior year |
| Compared to $0.00 prior year | Usage Over Last Year: 0 Ccf* Monthly Average | 0 Ccf Total |
| | 1 CCF = approx. 1 hour of heat |
| | *See terms on pg. 2 |

**MESSAGE CENTER**

Stay Protected Against Costly Repairs! **Purchase a Parts & Labor Plan** today at pgwplp.com

Download the PGW My Account App! Search Philadelphia Gas Works on the App Store or Google Play.

**Sale Ends 1/31:** Get a $90 Rebate on a Smart Thermostat with PGW MarketPlace at **pgworks.com/MyAccount**

*24-14610*
*filed 12/30/24*
*Chapter 13*

---

 Pay Online www.pgworks.com    Pay By Phone (215) 235-1000 *(English & Español)* *a convenience fee of $2.65 will be applied*    Pay With Cash *(See Back For Details)*

Please return this portion with your payment. Write your account number on your check or money order made payable to Philadelphia Gas Works.



| Please Pay | Due By |
| **$17,155.77** | **02/22/2024** |

Account Number: 0144272846

$ _ , _ _ _ , _ _ _ . _ _

*Thank you!*

TAMIKA HAMMOND
1414 N HOBART ST
PHILADELPHIA PA 19131-3817

**Philadelphia Gas Works**
P.O. Box 11700
Newark, NJ 07101-4700

0001442728468000000017155774

 **PHILADELPHIA GAS WORKS**
**GAS LEAK EMERGENCIES: (215) 235-1212**

 Access Your Account Online **www.pgworks.com**
Billing & General Information **(215) 235-1000** *(English & Español)*

1414 N HOBART ST | SA ID: 9348350548
Residential Heat & Domestic

## BREAK DOWN OF CHARGES

| Supply Charges | |
|---|---|
| Commodity Charge 0 Ccf @ $0.54305 | $0.00 |
| **Total Supply Charges** | **$0.00** |
| Delivery Charges | |
| Customer Charge @ $16.25 | $0.00 |
| Distribution Charge 0 Ccf @ $0.93779 | $0.00 |
| Distribution System Improvement Charge 7.5% | $0.00 |
| Gas Cost Adjustment @ -$0.11765 | $0.00 |
| **Total Delivery Charges** | **$0.00** |
| **Total Billing Charges** | **$0.00** |

### METER DETAILS

| | |
|---|---|
| Meter Number: | 01657717 |
| Read Cycle: | 19 |
| Read Dates: | 01/11/2024 - 01/11/2024 |
| Starting Read: | 7556 Initial |
| Ending Read: | 7556 Actual |
| Usage in CCF: | 0.00 |
| Conversion Factor: | 1.0378 Therm = 1 Ccf |
| Usage in Therms: | 0.00 |
| Next Meter Read: | 02/09/2024 |

### SHOPPING INFORMATION BOX

When shopping for Natural Gas with a Natural Gas Supplier, please provide the following:

| | |
|---|---|
| PGW Account: | 0144272846 |
| Service Point ID: | 9972226628 |
| Rate Class: | General Service Residential |
| Rate Schedule: | GSR |

*If you are already shopping know your contract expiration date.*

 It smells like rotten eggs

**Leave the area and call (215) 235-1212.**
Our Emergency Hotline is available 24 hours a day, 7 days a week.

---

### PGW Messages

 Beware of imposters posing as PGW employees -- Ask for identification.

 Your estimated gas price to Compare (PTC) is $0.42618 per CCF. This estimated PTC was calculated by averaging PGW's quarterly PTC over 12 months and is subject to change every quarter. For a more accurate PTC please visit pagasswitch.com

Questions or complaints about your bill?
Please call us before the due date at (215) 235-1000, or write to: PGW P.O. Box 3500, Phila., PA 19122-0050