IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE: | TAMIKA HAMMOND | : | CHAPTER 13 |
| | | : | |
| | Debtor. | : | Bankruptcy Case No. 24-14610-amc |
| | | : | |
| Philadelphia Gas Works | | : | |
| | | : | |
| | Creditor/Plaintiff | : | |
| | | : | Adversary No. |
| | | : | |
| | v. | : | |
| Tamika Hammond | | : | |
| | | : | |
| | Debtor/Defendant | : | |

**COMPLAINT PURSUANT TO 11 U.S.C. §523(a)(2)(A) and §523(a)(6) and §523(a)(4)
EXCEPTIONS TO DISCHARGE DUE TO FALSE PRETENSES, A FALSE
REPRESENTATION, WILLFUL INJURY OR ACTUAL FRAUD OR LARCENY**

Plaintiff-Creditor, Philadelphia Gas Works (hereinafter "PGW") as and for its Complaint against Defendant-Debtor, Tamika Hammond (hereinafter the "Debtor" or "Hammond"), respectfully alleges the following:

**JURISDICTION**

1.      On or about December 30, 2024, the Debtor filed a voluntary petition (the "Petition") for Chapter 13 bankruptcy with this Court.

2.      A meeting of the creditors pursuant to Section 341(a) of the Bankruptcy Code was held on February 7, 2025.

3.      This Complaint is to object to the Debtor's discharge or to determine the dischargeability of a debt is timely pursuant to Rule 4004 (a).

1

4.      This is an adversary proceeding in which PGW is objecting to the Debtor's discharge and is seeking a determination as to the dischargeability of the debt owed by the Debtor to PGW pursuant to Bankruptcy Code §§523 (a)(2)(A), (a)(4) and (a)(6).

5.      As set forth at length herein, this action is brought by Plaintiff to object to the discharge of pre-petition debt of the Debtor, Tamika Hammond, primarily because the pre-petition debt is on account of the theft of gas services at the property, 1414 N. Hobart Street, Philadelphia, PA 19131 (the "Subject Property").

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and Bankruptcy Code §§523.

7.      This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

8.      In the alternative, Plaintiff consents to final orders being entered if the Court finds this matter not to be a core proceeding.

## PARTIES

9.      Plaintiff is a creditor in the above captioned voluntary Chapter 13 proceeding.

10.     Plaintiff is a municipality owned utility provider of gas services in Philadelphia.

11.     Defendant is the Debtor in the above-captioned case and at all relevant times has resided at 1414 N. Hobart Street, Philadelphia, PA 19131.

12.      Debtor's residential property is listed as 1414 N. Hobart Street, Philadelphia, PA 19131 (the "Subject Property") on her Chapter 13 Plan. A true and correct copy of the Debtor's Chapter 13 Plan is attached hereto as Exhibit "A."

13.     On December 23, 2024, PGW terminated gas service to 1414 N. Hobart Street after finding it on without authorization.

2

14.     That same day, almost immediately after PGW terminated the gas service, Debtor contacted PGW for restoration of gas service to 1414 N. Hobart Street.

15.     On January 24, 2024, PGW gained entry into 1414 N. Hobart Street and discovered that gas was illicitly being used at the property via a bypass. PGW left the gas service off and secured it with various anti-theft devices. PGW was unable to locate its meter as it had been removed.

16.     PGW subsequently charged the Debtor $17,155.77 for unauthorized usage from November 17, 2009 to January 23, 2024.

17.     On January 29, 2024, PGW informed Debtor of the unauthorized usage charge and that this charge would have to be paid in full in order to restore her gas service.

18.      Debtor did not pay PGW for the unauthorized usage gas charge.  This debt remains unpaid as of the date of this motion.

19.     On January 24, 2025, PGW filed a Proof of claim in the amount of Seventeen thousand and one hundred and fifty-five dollars and seventy-seven cents ($17,155.77), which represents PGW's unpaid and unauthorized gas service debt on the Subject Property (the "Claim").  A true and correct copy of PGW's proof of claim filed by PGW is attached hereto as Exhibit "B."

20.     As neither the Debtor nor another party in interest has objected to the unsecured claim, it is deemed allowed. See 11 U.S.C. §502(a).

### COUNT I
### NON-DISCHARGEABILITY OF PLAINTIFF'S PRE-PETITION DEBT
### UNDER §523 (a)(2)(A) OF THE BANKRUPTCY CODE

21.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 20 of this Complaint as if set forth at length herein.

22.    This debt of $17,155.77 is pre-petition but is not dischargeable.

23.    Bankruptcy Code §523 (a)(2)(A) provides, in relevant part, that:

    (a)    A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt —
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
        (A) false pretenses, a false misrepresentation or actual fraud…

24.    Debtor benefitted from gas usage and obtained this through tampering and unauthorized gas services.

25.    The entire debt owed to Plaintiff is non-dischargeable as it is among other things, a debt for money, property, services, or an extension, renewal or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§523 (a)(2)(A).

## COUNT II
## NON-DISCHARGEABILITY OF PLAINTIFF'S PRE-PETITION DEBT
## UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

26.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of this Complaint as if set forth at length herein.

27.    Bankruptcy Code §523(a)(6) provides in relevant part, that:

    (b)    A discharge under section727, 1141, 1228(a). 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-
…
    (6)    or willful and malicious injury by the debtor to another entity or to the property of another entity…

28.    All or part of the debt owed to PGW, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code §523(a)(6) as evidenced by PGW's discovery of an unauthorized and illegal bypass at the Subject Property, which was providing gas usage for Debtor and her property.

4

29.    This debt to PGW arose from a willful or malicious injury by the Debtor to PGW and its property with the installation of the illegal bypass.

### COUNT III
### NON-DISCHARGEABILITY OF PLAINTIFF'S PRE-PETITION DEBT
### UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE

30.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 of this Complaint as if set forth at length herein.

31.    Bankruptcy Code §523 (a)(4) provides, in relevant part, that:

(a)    A discharge under section 727, 1171, 1228(a), 1228(b) or 1328 (b) of this title does not discharge an individual debtor from any debt-

…

(4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…

32.    All the debt owed to Plaintiff is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code §523(a)(4).

### CONCLUSION

33.    Debtor has owned the Subject Property 1414 N. Hobart Street since 1999.  See Deed for 1414 N. Hobart Street attached as Exhibit "C."

34.    Debtor has resided at the Subject Property presumably since 1999.

35.    From the facts above, there was unauthorized gas usage at the Subject Property and by Debtor.

36.    Debtor has avoided paying PGW any of the gas theft charges.

37.    Debtor benefited from the gas usage obtained through tampering and unauthorized gas usage.

38.     Debtor's property benefited from the gas usage obtained through tampering and unauthorized gas usage.

39.     Unauthorized gas usage and meter tampering occurred at Debtor's residence, 1414 N. Hobart Street.

40.     On January 29, 2024, Debtor was informed of the unauthorized gas charges when she contacted PGW to restore her gas service.

41.     Debtor was aware of the unauthorized gas charges prior to her filing her bankruptcy on December 30, 2024.

42.     By virtue of the foregoing, the Debtor's discharge should be denied under the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff against the Debtor that the debt of $17,155.77 is non-dischargeable under Bankruptcy Code §§523 and granting Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted:

/s/ Pearl Pham
Pearl Pham, Esquire
Attorney for Plaintiff
Philadelphia Gas Works
800 W. Montgomery Avenue
Philadelphia, PA 19122
(215) 684-6227
pearl.pham@pgworks.com

Dated: March 18, 2025

# EXHIBIT

# "A"

**L.B.F. 3015.1**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In re: Tamika Hammond                                    Chapter 13

                    Debtor(s)                            Case No. _____

## Chapter 13 Plan

☒ Original

☐ _____ Amended

Date: _December 30, 2024_

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
### MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
### NOTICE OF MEETING OF CREDITORS.

### Part 1: Bankruptcy Rule 3015.1(c) Disclosures

☐    Plan contains non-standard or additional provisions – see Part 9

☐    Plan limits the amount of secured claim(s) based on value of collateral and/or changed interest rate – see Part 4

☐    Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**§ 2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:** 60 months.
**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ 18,000.00
Debtor shall pay the Trustee $ 300.00 per month for 60 months; and then
Debtor shall pay the Trustee $_____ per month for the remaining _____ months.

**or**

Debtor shall have already paid the Trustee $_____ through month number _____ and then shall pay the Trustee $_____ per month for the remaining _____ months.

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§ 2(c) Alternative treatment of secured claims:**

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

☒ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

☐ **Sale of real property**
See § 7(c) below for detailed description

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**


**§ 2(e) Estimated Distribution**

| | | | |
|---|---|---|---|
| A. | Total Administrative Fees (Part 3) | | |
| | 1. Postpetition attorney's fees and costs | $ | 3,725.00 |
| | 2. Postconfirmation Supplemental attorney's fee's and costs | $ | 0.00 |
| | Subtotal | $ | 3,725.00 |
| B. | Other Priority Claims (Part 3) | $ | 0.00 |
| C. | Total distribution to cure defaults (§ 4(b)) | $ | 0.00 |
| D. | Total distribution on secured claims (§§ 4(c) &(d)) | $ | 12,191.00 |
| E. | Total distribution on general unsecured claims (Part 5) | $ | 284.00 |
| | Subtotal | $ | 16,200.00 |
| F. | Estimated Trustee's Commission | $ | 1,800.00 |
| G. | Base Amount | $ | 18,000.00 |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☒ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ 4,725.00 with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

**Part 3: Priority Claims**

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Proof of Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Zachary Perlick 73851 | | Attorney Fee | $ 3,725.00 |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Proof of Claim Number | Amount to be Paid by Trustee |
|---|---|---|
| | | |

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Part 4: Secured Claims**

### § 4(a) Secured Claims Receiving No Distribution from the Trustee:

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
| ☒ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law.<br>City of Philadelphia/Water Revenue Bureau | | 1414 N. Hobart Street , Philadelphia, PA 19131-0000 Philadelphia County |
| ☒ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law.<br>Select Portfolio Servicing-loan is written off | | 1414 N. Hobart Street , Philadelphia, PA 19131-0000 Philadelphia County |

### § 4(b) Curing default and maintaining payments

☒ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Proof of Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| | | | |

### § 4(c) Allowed secured claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim

☐ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| City of Philadelphia | | 1414 N. Hobart Street , Philadelphia, PA | $9,787.70 | 9.00% | $3,167.88 | $12,191.00 |

### § 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☒ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.*

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

### § 4(e) Surrender

☒ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

☐ (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
| | | |

### § 4(f) Loan Modification

☒ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of _____ per month, which represents _____ *(describe basis of adequate protection payment)*. Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by _____ (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

### Part 5: General Unsecured Claims

### § 5(a) Separately classified allowed unsecured non-priority claims

☒ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Proof of Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
| | | | | |

### § 5(b) Timely filed unsecured non-priority claims

(1) Liquidation Test *(check one box)*

☒ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*:

☒ Pro rata

☐ 100%

☐ Other (Describe)

### Part 6: Executory Contracts & Unexpired Leases

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

☒ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Proof of Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
| | | | |
| | | | |

## Part 7: Other Provisions

### § 7(a) General principles applicable to the Plan

(1) Vesting of Property of the Estate *(check one box)*

☒ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a filed unsecured claim render the Plan unfeasible.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly.  All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

### § 7(c) Sale of Real Property

☒ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date")..

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $_____ shall be made payable to the Trustee.

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline: _____.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1**: Trustee Commissions*
**Level 2**: Domestic Support Obligations
**Level 3**: Adequate Protection Payments
**Level 4**: Debtor's attorney's fees
**Level 5**: Priority claims, pro rata
**Level 6**: Secured claims, pro rata
**Level 7**: Specially classified unsecured claims
**Level 8**: General unsecured claims
**Level 9**: Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. If the Trustee's compensation rate increases resulting in the Plan becoming underfunded, the debtor shall move to modify the Plan to pay the difference.*

## Part 9: Non-Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Non-standard or additional plan provisions placed elsewhere in the Plan are void.

☒ **None.** If "None" is checked, the rest of Part 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no non-standard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date: _____December 30, 2024_____          /s/ Zachary Perlick
                                           Zachary Perlick 73851
                                           Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: _____December 30, 2024_____          /s/ Tamika Hammond
                                           Tamika Hammond
                                           Debtor

Date: _____              _____
                                           Joint Debtor

# EXHIBIT

# "B"

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __2__ __8__ __4__ __6__

**7. How much is the claim?**  $_____17,155.77__. Does this amount include interest or other charges?

        ☑ No

        ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid Gas Services and Unauthorized Gas Usage

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**  $_____

    **Amount of the claim that is secured:**  $_____

    **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**  $_____

    **Annual Interest Rate** (when case was filed)_____%

    ☐ Fixed

    ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  01/24/2025
                  MM / DD / YYYY

*Dessalina Clement*
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Dessalina | | Clement |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Credit & Collections Quality Assurance | | |
| Company | Philadelphia Gas Works | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 800 W Montgomery Ave. Bankruptcy Dept 3FL | | |
| | Number      Street | | |
| | Philadelphia | PA | 19122 |
| | City | State | ZIP Code |
| Contact phone | 215-684-6660 | Email | Dessalina.Clement@pgworks.com |

 **PHILADELPHIA GAS WORKS**
**GAS LEAK EMERGENCIES: (215) 235-1212**

Access Your Account Online **www.pgworks.com**

Billing & General Information **(215) 235-1000** *(English & Español)*

---

## *Final Bill*



### Hello Tamika Hammond,
**1414 N HOBART ST, PHILADELPHIA PA 19131-3817**
**Account Number: 0144272846**

**ENERGY USAGE SNAPSHOT**



| Please Pay | **$17,155.77** |
|---|---|
| Due By | **02/22/2024** |

| Billing Date | JAN 29, 2024 |
|---|---|
| Service From | 01/11/2024 - 01/11/2024 |
| Current Charges | $0.00 |

CCF

AUG   SEP   OCT   NOV   DEC   JAN

▬ Prior Year   ▬ Actual   ▨ Estimated

| Average Daily Cost | Average Daily Temperature |
|---|---|
| $0.00 Current Month | 0° Current Month \| *Compared to 0° prior year* |
| *Compared to $0.00 prior year* | Usage Over Last Year |
| | 0 Ccf* Monthly Average \| *0 Ccf Total* |
| | 1 CCF = approx. 1 hour of heat |
| | *See terms on pg. 2* |

### MESSAGE CENTER

Stay Protected Against Costly Repairs! **Purchase a Parts & Labor Plan today at pgwplp.com**

Download the PGW My Account App! Search Philadelphia Gas Works on the App Store or Google Play.

**Sale Ends 1/31:** Get a $90 Rebate on a Smart Thermostat with PGW MarketPlace at **pgworks.com/MyAccount**

*24-14610*
*filed 12/30/24*
*Chapter 13*

---

🖥 Pay Online www.pgworks.com    📞 Pay By Phone **(215) 235-1000** *(English & Español)*    💲 Pay With Cash *(See Back For Details)*
*a convenience fee of $2.65 will be applied



Please return this portion with your payment. Write your account number on your check or money order made payable to Philadelphia Gas Works.

| Please Pay | Due By |
|---|---|
| **$17,155.77** | **02/22/2024** |

**Account Number: 0144272846**

$ ____, ____, ____ . ____

*Thank you!*

TAMIKA HAMMOND
1414 N HOBART ST
PHILADELPHIA PA 19131-3817

**Philadelphia Gas Works**
P.O. Box 11700
Newark, NJ 07101-4700

0001442728468000000017155774

 **PHILADELPHIA GAS WORKS**
**GAS LEAK EMERGENCIES: (215) 235-1212**

 Access Your Account Online www.pgworks.com
Billing & General Information (215) 235-1000 *(English & Español)*

1414 N HOBART ST | SA ID: 9348350548
Residential Heat & Domestic

## BREAK DOWN OF CHARGES

| Supply Charges | |
|---|---|
| Commodity Charge 0 Ccf @ $0.54305 | $0.00 |
| **Total Supply Charges** | **$0.00** |
| Delivery Charges | |
| Customer Charge @ $16.25 | $0.00 |
| Distribution Charge 0 Ccf @ $0.93779 | $0.00 |
| Distribution System Improvement Charge 7.5% | $0.00 |
| Gas Cost Adjustment @ -$0.11765 | $0.00 |
| **Total Delivery Charges** | **$0.00** |
| **Total Billing Charges** | **$0.00** |

### METER DETAILS

| | |
|---|---|
| Meter Number: | 01657717 |
| Read Cycle: | 19 |
| Read Dates: | 01/11/2024 - 01/11/2024 |
| Starting Read: | 7556 Initial |
| Ending Read: | 7556 Actual |
| Usage in CCF: | 0.00 |
| Conversion Factor: | 1.0378 Therm = 1 Ccf |
| Usage in Therms: | 0.00 |
| Next Meter Read: | 02/09/2024 |

### SHOPPING INFORMATION BOX

When shopping for Natural Gas with a Natural
Gas Supplier, please provide the following:

| | |
|---|---|
| PGW Account: | 0144272846 |
| Service Point ID: | 9972226628 |
| Rate Class: | General Service Residential |
| Rate Schedule: | GSR |

*If you are already shopping know your contract
expiration date.*

 It smells like rotten eggs

**Leave the area and call
(215) 235-1212.**
Our Emergency Hotline is available
24 hours a day, 7 days a week.

---

### PGW Messages

 Beware of imposters posing as PGW employees -- Ask for identification.

Your estimated gas price to Compare (PTC) is $0.42618 per CCF. This estimated PTC was calculated by averaging
PGW's quarterly PTC over 12 months and is subject to change every quarter. For a more accurate PTC please visit
pagasswitch.com

Questions or complaints about your bill?
Please call us before the due date at (215) 235-1000, or write to: PGW P.O. Box 3500, Phila., PA 19122-0050

# EXHIBIT

## "C"

DR A 99031 39

This Document Recorded          Doc Id: 50023482
01/19/2000   State RTT: 0.00     Receipt #: 6654
04:10PM      Local RTT: 0.00     Rec Fee: 37.00
Doc Code: D   Commissioner of Records, City of Philadelphia

One Cherry Hill Suite 310
Cherry Hill, NJ 08002

## *THIS INDENTURE,*

Made the    27TH    day of   December               in the year of our Lord,
Nineteen hundred and ninety-nine (1999)

BETWEEN, SHIRLEY A. HAMMOND (hereinafter called the Grantor), of the one part,

AND,  TAMIKA M. HAMMOND (hereinafter called the Grantee), of the other part,

*WITNESSETH,* That the said Grantor, for and in consideration of the sum of
One dollar ($1.00) lawful money of the United States of America, unto her well and truly
paid by the said Grantee, at or before the sealing and delivery hereof, the receipt
whereof is hereby acknowledged, has granted, bargained and sold, released and
confirmed, and by these presents does grant, bargain and sell, release and confirm
unto the said Grantee, her heirs and assigns,

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements
thereon erected.

SITUATE on the West side of Hobart Street at the distance of 105 feet 10-3/4 inches
Northward from the North side of Master Street in the 52nd Ward of the City of
Philadelphia.

CONTAINING in front or breadth on the said Hobart 15 feet and extending of that width
in length or dept Westward between parallel lines at right angles with the said Hobart
Street 53 feet 6 inches to the middle of a certain 3 feet wide alley extending Southward
from Media Street and communicating at its Southernmost end with another 3 feet wide
alley extending from said Hobart Street to 59th Street.

BEING KNOWN as No. 1414 North Hobart Street, Philadelphia, County , PA

BEING the same premises conveyed to Herbert A. Hammond and Shirley , his wife by
Deed from Lurke E. Cauley, dated 3-1-1963 and recorded 3-12-1963 in Deed Book
CAB 2112 and page 300, in fee.

AND the said Herbert A. Hammond departed this life on or about *12-21-94* , whereby
title became vested in Shirley A. Hammond, surviving spouse.



50023482
Page: 1 of 4
01/19/2000 04:10PM

50023482
Page: 2 of 4
01/19/2009 04:10P

**TOGETHER** with all and singular the buildings, improvements, buildings, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and also, all the estate, right, title, interest, property, claim and demand whatsoever, of the Grantor as well at law as in equity, of, in and to the same.

**TO HAVE AND TO HOLD** the said lot or piece of ground described, messuage or tenement hereditament and premises hereby granted and released, or mentioned and intended so to be, with appurtenances, unto the said Grantee, her heirs and assigns, to and for the only proper use and behoof of the said Grantee, her heirs and assigns forever.

**AND** the said Grantor, her heirs, executors and administrators , does covenant, promise and agree, to and with the said Grantee, her heirs and assigns, by these presents, that, she the said Grantor, and her heirs, all and singular, the hereditaments and premises hereby granted or mentioned and intended unto the said Grantor and her heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from, or under her or any of them, shall and will
WARRANT AND FOREVER DEFEND.

**IN WITNESS WHEREOF**, the Party of the first part hereunto set her hand and seal the day and year first above written.

SIGNED SEALED AND DELIVERED

_SHIRLEY A. HAMMOND_

IN THE PRESENCE OF:

*Philadelphia version, single-part, single-side, white paper*

50023482
Page: 3 of 4
01/19/2000 04:10P

BOOK NO.     PAGE NO.

DATE RECORDED
CITY TAX PAID

## PHILADELPHIA REAL ESTATE

## TRANSFER TAX CERTIFICATION

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is/is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT - All inquiries may be directed to the following person:**

NAME: DRYDEN ABSTRACT     TELEPHONE NUMBER   AREA CODE 856 667 0007

STREET ADDRESS: ONE CHERRY HILL SUITE 310     CITY: CHERRY HILL     STATE: NJ   ZIP CODE: 08002

**B. TRANSFER DATA**     DATE OF ACCEPTANCE OF DOCUMENT

GRANTOR(S)/LESSOR(S): SHIRLEY A HAMMOND     GRANTEE(S)/LESSEE(S): TAMIKA M. HAMMOND

STREET ADDRESS: 1414 N. HOBART ST     STREET ADDRESS: 1414 N HOBART ST

CITY: PHILA   STATE: PA   ZIP CODE: 19131     CITY: PHILA   STATE: PA   ZIP CODE: 19131

**C. PROPERTY LOCATION**

STREET ADDRESS: 1414 N HOBART ST     CITY, TOWNSHIP, BOROUGH: PHILA

COUNTY: PHILA     SCHOOL DISTRICT: PHILA     TAX PARCEL NUMBER: 69N13-262

**D. VALUATION DATA**

1. ACTUAL CASH CONSIDERATION: $1.00     2. OTHER CONSIDERATION: +     3. TOTAL CONSIDERATION: = $1.00

4. COUNTY ASSESSED VALUE: 4400.00     5. COMMON LEVEL RATIO FACTOR: x 3.33     6. FAIR MARKET VALUE: = $14652.00

**E. EXEMPTION DATA**

1A. AMOUNT OF EXEMPTION: 100%     1B. PERCENTAGE OF INTEREST CONVEYED: 100%

**2. Check Appropriate Box Below for Exemption Claimed**

☐ Will or Intestate succession _____ (NAME OF DECEDENT) _____ (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ ____

☐ Transfers to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____ Page Number _____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.)   *Transfer from* *Mother to Daughter*

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY: *Mary Galcik*     DATE: 12 27 99

82-127 (Rev. 6/93)     (SEE REVERSE)

© 1995-1997 *The Real Estate Recording Guide*     1/97     PA-4.3



50023482
Page: 4 of 4
01/19/2000 04:10P

COMMONWEALTH OF PENNSYLVANIA

SS:

COUNTY OF PHILADELPHIA

On this, the    27TH    day of  DECEMBER   1999,  before me, a Notary Public for
the Commonwealth of Pennsylvania, residing in the County of  PHILADELPHIA the
undersigned officer, personally appeared , known to me (or satisfactorily proven) to be
the person whose name is subscribed to the within instrument, and acknowledged that
she executed the same for the purposes therein contained, and desired the same might
be recorded as such, according to law.

**IN WITNESS WHEREOF**, I have hereunto set my hand and official seal.

Notary Public

I HEREBY CERTIFY that the precise address of the Grantee herein is

NOTARIAL SEAL
MOSES D. CAMERON, notary public
Cheltenham      Montgomery County
My Commission Expires April 7, 2003

PREMISES:
1414  NORTH HOBART STREET
PHILADELPHIA, PA